## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

ROBIN STEVENS, JR.,

               Petitioner,    :         Case No. 2:25-cv-24

   - vs -                   District Judge James L. Graham
                                 Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
  Noble Correctional Institution,

                       :
               Respondent.

---

## REPORT AND RECOMMENDATIONS

---

       This is an action brought *pro se* by Petitioner Robin Stevens, Jr., pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from confinement imposed as part of the judgment of the Summit County Court of Commons Pleas in a criminal action. The case is ripe for a report and recommendations upon the Petition (ECF No. 1), the State Court Record (ECF No. 8), the Respondent's Return of Writ (ECF No. 9), and Petitioner's Response to the Return of Writ (ECF No. 16).

**Litigation History**

       On October 8, 2019, the Summit County Grand Jury returned an indictment charging Stevens with one count of rape in violation of Ohio Revised Code §2907.02(A)(1)(b), one count

of attempted rape in violation of Ohio Revised Code § 2923.02/2907.02(A)(1)(b), and two counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4), 2907.05(C)(2). (Indictment, State Court Record, ECF No. 8, Ex. 1).  After the jury convicted Stevens on all counts, the trial judge merged Counts 1 and 3 and Counts 2 and 4 and sentenced him to a prison term of sixteen years to life.  Stevens appealed to the Ohio Court of Appeals for the Ninth Judicial District which affirmed.  *State v. Stevens,* 2023-Ohio-2153 (Ohio App. 9th Dist. June 28, 2023).  The Ohio Supreme Court allowed Stevens to file a delayed appeal, but then declined to exercise jurisdiction. (Entry, State Court Record, ECF No. 8, Ex. 19).

Petitioner filed an application for reopening under Ohio R. App. P. 26(B) to raise claims of ineffective assistance of appellate counsel, but did not appeal from denial of relief.  He filed a subsequent Rule 26(B) application and the Court of Appeals again denied relief (Entry, State Court Record, ECF No. 8, Ex. 25).  This time he did appeal to the Ohio Supreme Court, but that court declined to exercise jurisdiction (Entry, State Court Record, ECF No. 8, Ex. 29).

Stevens then filed his Petition in this Court, pleading the following grounds for relief:

> **Ground One:** Trial court erred in Denying Motion for a Mistrial.
>
> **Supporting Facts:** The prosecutor committed misconduct during cross-examination of witness.
>
> **Ground Two:** Denying Defendant's Motion to Continue trial was error.
>
> **Supporting Facts:** The defense team found new evidence and requested a continue [sic] the day of trial. It was denied.
>
> **Ground Three**: The verdict of the trial court was against the manifest weight of the evidence.
>
> **Supporting Facts:** The evidence in this exceptional case was not weighted against defendant. The jury lost its way.

2

**Ground Four:** Trial Court erred by overruling motion to suppress and withholding evidence.

**Supporting Facts:** The State withheld exculpatory evidence from the defendant.

**Ground Five:** Robin Stevens was denied a fair trial a due process of law by acts of the prosecution in knowingly and unlawfully withholding and concealing exculpatory evidence in violation of USCS Const. Amends. 5, 6, and 14.

**Supporting Facts**: The state withheld exculpatory evidence in the form of notification about an almost identical allegation made by the alleged victim against another defendant in North Carolina. The State never made an effort to disclose the information to the Defense and admitted as much.

**Ground Six:** The acid Phosphate [sic] test on its own, is unreliable and outdated. Thus it was insufficient to be entered into the record as proof of the presence of DNA. Therefore the trial Court abused its discretion by allowing the Acid Phosphate Spot Test in to evidence, and the Trial counsel was ineffective for failing to object to the Test Admission in violation of USCS Const. Amends 1, 5, 6, 9 and 14.

**Supporting Facts:** The acid phosphate [sic] spot test (AP Spot Test) is a presumptive test for the presence of semen in a sample. It is not confirmatory but is a quick screening test. If the test is positive, there is a good likelihood it is due the presence of semen in the sample. Once a presumptive positive has been confirmed, however, further testing must be done. Here, it was not.

(Petition, ECF No. 3, Page ID 35-40, 46).

# Analysis

## Ground One:  Failure to Grant a Mistrial for Prosecutorial Misconduct

In his First Ground for Relief, Petitioner asserts the trial court erred by not granting a mistrial when the prosecutor asked a question that the trial judge had forbidden.  The dispute

3

between the parties was whether the relevant sperm fraction from Defendant was found in the victim's vagina or vaginal area. The prosecutor asked a question implying that it was found in the vagina. The trial judge sustained the objection, ordered the jury to disregard the mischaracterization, and the question was re-asked in proper form. Defendant's counsel moved for a mistrial, but the trial judge held "I don't believe anything that has been said that is so egregious that we have to do this all over again." (Quoted in Appellant's Brief on direct appeal, State Court Record, ECF No. 8, Ex. 9, PageID 94).

The Ninth District reviewed the trial judge's decision on the mistrial motion for abuse of discretion:

> {¶27} After reviewing the record, this Court does not find that the trial court's decision to deny Mr. Stevens's motion for a mistrial during the state's cross-examination of Girlfriend was unreasonable or arbitrary. The State's question as to Mr. Stevens's sperm being found in D.G.'s vagina was stricken and the jury was ordered to disregard the question. Mr. Stevens's objection as to semen being found in the area of D.G.'s vagina was sustained.
>
> {¶28} " 'A jury is presumed to follow the instructions, including curative instructions, given it by a trial judge.' " *State v. Simpson*, 9th Dist. Lorain No. 11CA010138, 2012-Ohio-3195, ¶ 37, quoting *State v. Garner*, 74 Ohio St.3d 49, 59 (1995). Mr. Stevens directs us to no evidence in the record that the jury disregarded the court's instructions, and his belief that the State's questioning of Girlfriend[1] was somehow responsible for the jury verdict is pure speculation.

*State v. Stevens, supra.*

A habeas corpus court does not review state court decisions for abuse of discretion because abuse of discretion is not a violation of due process. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Because Petitioner is proceeding *pro se*, we are instructed to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.

---

[1] A pseudonym under which a particular witness testified.

2001). Doing so we could read Petitioner's First Ground for Relief as raising directly a claim of prosecutorial misconduct. That is to say, because a trial judge's abuse of discretion does not violate the Constitution, we do not review on the merits a state appellate court's rejection of a claim of abuse of discretion, but certain forms of prosecutorial misconduct do violate the Constitution and can be reviewed on the merits in habeas corpus.

In *Serra v. Michigan Dept of Corrections*, 4 F.3d 1348 (6th Cir. 1993), Sixth Circuit identified factors to be weighed in considering prosecutorial misconduct claims:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Id.* at 1355-56, *quoting Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982)(citation omitted). The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6th Cir.), *cert. denied*, 522 U.S. 1001 (1997)(citation omitted); *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir. 1988). Prosecutorial misconduct justifies federal habeas relief only if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process" and resulted in prejudice. *Gillard v. Mitchell*, 445 F.3d 883, 897 (6th Cir. 2006) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

Although it did not have before it the precise question of whether the prosecutor's misstatement about the evidence constituted misconduct, its findings on the abuse of discretion question preclude habeas relief here. As the Ninth District noted, there is nothing to indicate the trial judge's remedial measure of a jury instruction and ordered re-phrasing of the question was insufficient to prevent any prejudice.

Construed liberally as a direct claim of prosecutorial misconduct, the Ninth District's

resolution of the claim is not an objectively unreasonable application of relevant Supreme Court precedent.  Ground One should therefore be denied on the merits.

**Ground Two:  Denial of a Trial Continuance**

In his Second Ground for Relief Petitioner asserts his constitutional right to a fair trial was violated when he was denied a trial continuance.  His argument as to this Ground for Relief, like that on Ground One, consists of a large array of citations to case law on the granting of continuances without any effort to tie that cited law to the particular denial here.

The Ninth District Court of Appeals considered the continuance claim on direct appeal and decided it as follows:

> {¶33} The record establishes that, on the day of trial, defense counsel moved for a continuance of trial to review "newly developed information." The "newly developed information" counsel wanted to review was that "the victim of the crime in [a] North Carolina [case] is the same victim here." Defense counsel wanted time to investigate this and explore "whether the mother had induced the child to make up these allegations against Mr. Stevens * * *." Defense counsel speculated that there could be exculpatory information in the CARE center interview of the out-of-state case relating to the instant case.
>
> {¶34} The State opposed the requested continuance and responded that the allegations in this matter occurred when D.G. was 11, and the new allegations against a separate individual occurred when D.G. was 14. The allegations were separated by almost three years in time and involved two separate alleged perpetrators. The assistant prosecutor argued that "[w]e have no reason to believe that the current allegations in North Carolina have anything to do with our trial here. We believe that any subsequent allegations are irrelevant and not a basis for a continuance."
>
> {¶35} In denying Mr. Stevens's motion for continuance, the trial court stated that it was "not going to continue this trial based on something that happened two years and nine months later." The trial

6

court noted that Mr. Stevens's request "is presupposing that this victim is, on one hand, going to come into this court and testify one way and in North Carolina going to tell them that she was put up to this. And it just doesn't -- I don't follow the logic in it and I don't believe that it warrants a continuance in this case."

{¶36} The Ohio Supreme Court has held that "[t]he grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." *State v. Unger*, 67 Ohio St.2d 65 (1981), syllabus. In making its decision, the trial court must consider and weigh all competing considerations. *Id.* at 67. The trial court must balance any potential prejudice to the defendant against the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice. *Id.* at 67. When reviewing a decision that has been entrusted to the discretion of the trial court an appellate court may not substitute its judgment for that of the trial court. *State v. Finnerty*, 45 Ohio St.3d 104, 107 (1989).

{¶37} A trial court's decision to grant or deny a continuance is reviewed under an abuse of discretion standard. *State v. Perry*, 9th Dist. Lorain No. 00CA007634, 2001 WL 123462, *3 (Feb. 14, 2001), citing *Unger* at 67. Abuse of discretion, as previously set forth, connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219.

{¶38} Mr. Stevens argues that, in requesting a continuance, his attorney wanted time to review the additional evidence and information "to determine whether any information could be exculpatory for his client before going forward in this matter." Mr. Stevens points out that a specific time frame for the requested continuance was never mentioned; that, while the case had been pending for a significant amount of time when it went to trial, "most of that time was due to Covid regulations and not any specific actions of the defendant[,]" and, "[t]here was no discussion of any inconvenience to the litigants." Mr. Stevens argues that the requested continuance was reasonable and necessary and that "a blanket denial, without any specific findings of a detriment to others is an abuse of discretion." We disagree.

{¶39} Mr. Stevens requested a continuance on the day of trial. As this Court has recognized, a continuance at this late juncture would cause inconvenience to the State, the witnesses, and the court. *State v. Petty*, 9th Dist. Summit No. 19611, 2000 WL 1257802, *2 (Sept. 6, 2000). Defense counsel requested a continuance to review additional information that occurred almost three years later

between D.G. and another individual in a different state. Defense counsel offered no basis for his theory that D.G.'s mother induced the child to fabricate the allegations or coached the child. Defense counsel merely speculated that there could be exculpatory information in the CARE center interview regarding the allegation against the alleged perpetrator in the unrelated case.

{¶40} Based on a review of the record, we cannot say that the trial court abused its discretion in denying Mr. Stevens's motion for continuance. Mr. Stevens's second assignment of error is overruled.

*State v. Stevens, supra.*

As noted with Ground One, federal habeas courts do not review claims of abuse of discretion directly. But again construing this Ground for Relief liberally as a claim that Stevens was denied a fair trial by denial of the continuance, the Magistrate Judge concludes the claim is without merit.

The federal standard for reviewing a decision by a federal trial judge to grant or deny a motion for continuance is that the decision lies within the sound discretion of the trial court and cannot be reversed absent a showing that the decision was arbitrary, unreasonable, or unconscionable. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Factors which should be considered are the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel, and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the party seeking the continuance contributed to the circumstances which gave rise to the request; and other relevant factors, depending on the unique facts of each case. *State v. Unger,* 67 Ohio St. 2d 65, 67 (1981), *citing United States v. Burton*, 584 F.2d 485 (D.C. Cir. 1978), and *Giacalone v. Lucas*, 445 F.2d 1238 (6th Cir. 1971).

Petitioner offers no support for the proposition that denying the continuance denied him a fair trial. He did not proffer to the state courts nor does he proffer here what additional evidence

8

would have been presented had the continuance been granted.  As the Ninth District's decision makes clear, defense counsel wanted more time to investigate and not to bring to Ohio and put on the witness stand a person with clearly exculpatory evidence.

Requests for continuance made on the day of trial are particularly concerning and Petitioner offers no reason why the request could not have been made earlier.  Ground Two should be dismissed on the merits.

**Ground Three:  Verdict Against the Manifest Weight of the Evidence**

In his Third Ground for Relief, Petitioner asserts the jury's verdict was against the manifest weight of the evidence.  As Respondent argues this claim is not cognizable in habeas corpus.  That is to say, a claim that a verdict is against the manifest weight to the evidence does not state a claim for violation of the federal Constitution and this Court can grant habeas relief only for constitutional violations.  *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

Ground Three should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Four:  Failure of the Trial Court to Suppress Evidence and of the State to Disclose Exculpatory Evidence**

In his Fourth Ground for Relief, Stevens claims that the State violated his due process when the trial court failed to suppress evidence.  While there is a Fourth Amendment right to have unconstitutionally seized evidence suppressed and not admitted at trial, Stevens fails to advise the Court what evidence he is referring to.  He has therefore not pleaded this ground for relief to the

required degree of specificity.  The second part of this claim – failure to disclose exculpatory evidence – is repeated in Ground Five.

## Ground Five:  Failure to Disclose Exculpatory Evidence

In his Fifth Ground for Relief, Stevens argues the State violated his due process rights by failure to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The State has a duty to produce exculpatory evidence in a criminal case.  If the State withholds evidence and it is material, the conviction must be reversed.  To achieve this goal, "*Brady* held 'that the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (quoting *Brady*, 373 U.S. at 87).  To state a *Brady* claim, a defendant must allege that: (1) the government suppressed evidence; (2) the evidence is favorable to the defendant because it is either exculpatory or impeaching; and (3) the evidence is material, i.e., the suppression of the evidence prejudiced the defendant. See *Strickler v. Greene*, 527 U.S. 263, 280-82 (1999). Prejudice occurs where "'there is a reasonable probability' that the result of the trial would have been different if the suppressed [evidence] had been disclosed to the defense." *Id*. at 289.

Stevens did not raise a *Brady* claim on direct appeal.  He first presented it as an omitted assignment of error in his first App. R. 26(B) Application (Application, State Court Record, ECF No. 8, Ex. 20).  The Ninth District rejected this claim on the merits, holding

> Mr. Stevens fails to explain how an alleged *Brady v. Maryland*, 373 U.S. 83 (1963) violation relates to or otherwise results in ineffective assistance of appellant counsel. Even if such a connection was [sic] explained or made, Mr. Stevens has not shown a genuine issue as to

10

whether there is a colorable claim of ineffective assistance of
appellate counsel.

(Journal Entry, State Court Record, ECF No. 8, Ex. 23, PageID 225).   Moreover, Stevens

procedurally defaulted this claim by not appealing to the Ohio Supreme Court from this adverse

Ninth District decision.  Respondent raises this procedural default and Stevens offers no excusing

cause and prejudice.   Ground Five should be dismissed as procedurally defaulted.

**Ground Six:  Reliance on Unreliable Scientific Evidence**

In his Sixth Ground for Relief, Stevens argues he was convicted on the basis of unreliable

and outdated scientific evidence, to wit, an acid phosphatase test for the presence of semen.

Respondent argues this claim is procedurally defaulted because it was never raised in the state

courts.  In his Response Stevens point to no place where this claim was presented to the Ohio

courts.  It is therefore procedurally defaulted and should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the

Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this

conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that

the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.


June 30, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #