# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROBIN STEVENS, JR.,

        Petitioner,   :        Case No. 2:25-cv-24

    - vs -                     District Judge James L. Graham
                                Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
  Noble Correctional Institution,

                        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 17). District Judge Graham has recommitted the case for further analysis in light of the Objections (ECF No. 19).

Petitioner's Objections consist of eighty-three pages, comprising argument (PageID 1036-64) and excerpts from the Transcript of Jury Trial (PageID 1065-1118) with some handwritten notes. After repeating without objection the Litigation History as set forth in the Report, Petitioner objects in order to the Report's conclusions on each Ground for Relief.

**Ground One: Prosecutorial Misconduct**

In his First Ground for Relief, Petitioner claims he was denied a fair trial when the trial

1

judge refused to grant a mistrial after the prosecutor had asked a question in a form the judge had forbidden. The trial judge denied a mistrial, but instructed the jury to disregard the improper question. On direct appeal, the court rejected this assignment of error, indulging the presumption that a jury follows instructions given to it. *State v. Stevens,* 2023-Ohio-2153, ¶27-28 (Ohio App. 9th Dist. Jun. 28, 2023). The Report concluded this was not an objectively unreasonable application of Supreme Court precedent dealing with prosecutorial misconduct. It therefore recommended dismissing Ground One on the merits.

Petitioner objects to accepting the jury instruction as adequate[1]. He notes that some courts have found that a curative instruction cannot "unring the bell" of prosecutorial misconduct, citing *Ohio Equity Fund for Hous. Ltd. P1ship XXVIII v. Irvin Cobb Manager, Inc.,* 2025-Ohio-1714 (Ohio App. 10th Dist. May 13, 2025). This case involved appeal from the granting of a preliminary injunction; no jury was involved.

Petitioner also argues there is no evidence the jury followed the curative instruction.

> The Ninth District stated that "A jury is presumed to follow the instructions, including curative instructions, given it by a trial judge." This is only a presumption or an assumption. The trial court never polled the jury or ask [sic] it members, as the trial court certainly could have asked if they could unhear what they heard from the prosecutor. What we do know is that the prosecutor asked a prejudicial question that he was instructed to not ask that particular, yet he did. In this matter the Jury could not unhear the tone and candor of that question and certainly it weighed heavily against the petitioner during trial in this matter that cumulative violation of the state led to the jury's verdict.

(Objections, ECF No. 18, PageID 1041).

It is true the judge never asked the question of the jury and also true Stevens' lawyer did

---

[1] Although this claim has been pleaded as an abuse of discretion on direct appeal, Stevens accepts that abuse of discretion is not reviewable in habeas and welcomes the Magistrate Judge's willingness to consider the underlying prosecutorial misconduct claim, although he does not agree with the result.

not ask that the jury be polled. And with good reason. Given human nature, one does not ask a group of people if they have ignored the white polar bear in the corner of the room which they were told not to look at. Asking the question repeats for the mind of the jurors the prejudicial matter they have been told to ignore.

Clearly established Supreme Court precedent does not require a mistrial every time a juror has heard something prejudicial. It was not unreasonable to presume in this case that the jury followed the curative instruction. Ground One should be denied on the merits.

**Ground Two: Denial of a Trial Continuance**

In his Second Ground for Relief Petitioner asserts his constitutional right to a fair trial was violated when he was denied a trial continuance which was requested on the morning of trial. The Ninth District rejected this claim on direct appeal. *State v. Stevens, supra*, ¶¶ 33-40. The Report agreed that this was not an objectively unreasonable application of Supreme Court precedent and recommended dismissal on the merits (ECF No. 17, PageID 1031-32).

In his Objections, Stevens attempts to re-plead Ground Two as a claim for denial of the continuance, but also as a claim of ineffective assistance of trial counsel "when trial counsel failed to adequately prepare for trial submit, call a witness (Mr. Andrew Gulley, Biological father of the alleged victim) and or witnesses that had exculpatory evidence." (Objections, ECF No. 18, PageID 1043).

This ineffective assistance of trial counsel claim is entirely new at this stage of the case. It is nowhere mentioned in the Petition (ECF No. 3). It was not raised on direct appeal (See Appellant's Brief, State Court Record, ECF No. 8, Ex. 9, PageID 88). Stevens never filed a petition

3

for post-conviction relief and his Application for Reopening under Ohio R. App. P. 26(B) did not plead ineffective assistance of trial counsel as an underlying omitted assignment of error. *Id.* at Ex. 20. Any attempt to raise this claim now by petition for post-conviction relief would be untimely because it is now later than one year after the record on appeal was filed. Ohio does not allow a second application for reopening. Therefore the claim of ineffective assistance of trial counsel as raised in the Objections is procedurally defaulted by failure to present it to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the

> exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)). *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002).

Because this new claim of ineffective assistance of trial counsel is presented for the first time in Objections and is procedurally defaulted without a showing of excusing cause and prejudice, this ineffective assistance of trial counsel claim should be dismissed with prejudice.

The claim of denial of due process by denial of a trial continuance is preserved, but not in the form presented in the Objections. The Report recommended denying it because the state court's decision was not an unreasonable application of relevant Supreme Court precedent (Report, ECF No. 17, PageID 1032). Petitioner now argues what the substance of the new evidence would have been if the continuance had been granted.

> The witness here [the biological father of the complaining witness] would have testified that he, who is also the biological father of the alleged victim had been falsely accused and incarcerated due to the lies of the mother of child and of the alleged victim. He would have testified that his daughter has a history of inventing and creating this same type of accusation against people who give her correction and correct her behavior including him and Mr. Stevens.

(Objections, ECF No. 18, PageID 1053). But Stevens points to no place in the state court record

where the trial judge was advised of the substance of the expected testimony. As late as his Reply in this case, he writes:

> To justify a continuance to secure the appearance of a witness, the moving party must establish that the witness will give substantial favorable evidence and that the witness is available and willing to testify. *United States v. Boyd*, 620 F.2d 129, 132 (6th Cir. 1980), cert. denied, 449 U.S. 855 (1980). In *Bennett v. Scroggy,* 793 F.2d 772 (6th Cir. 1986), the Sixth Circuit further defined the factors to be considered in determining whether denial of a continuance to locate a witness deprives a defendant of his Sixth Amendment rights to compulsory process: (1) the diligence of the defense in interviewing witnesses and procuring their presence; (2) the probability of procuring the testimony within a reasonable time; (3) the specificity with which the defense is able to describe the witnesses' expected knowledge or testimony; (4) the degree to which such testimony is expected to be favorable to the defendant; and (5) the unique or cumulative nature of the testimony. *Scroggy,* 793 F.2d at 774. **In this with Stevens case it would have allowed the petitioner to secure exculpatory evidence. (emphasis supplied)**

(ECF No. 16, PageID 1014). This is a relevant and interesting argument, but does not present the supposedly omitted testimony. If the complaining witness' biological father was prepared to testify as Stevens supposes, where is his affidavit to that effect?

A trial judge does not deny a defendant a fair trial when he or she denies a morning-of-trial continuance request for further investigation. Ground Two should be denied as in part procedurally defaulted (the ineffective assistance of trial counsel claim) and in part on the merits (the denial of continuance claim).

**Ground Three: Verdict Against the Manifest Weight of the Evidence**

In his Third Ground for Relief, Petitioner asserts the jury's verdict was against the manifest weight of the evidence. The Report concluded this claim was not cognizable in habeas, citing

*Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

In his Objections, Stevens reformulates this claim as "The Evidence Was Insufficient To Sustain A Guilty Verdict, Verdict Against The Manifest Weight Of The Evidence /Manifest Weight/Miscarriage Of Justice. (Objections, ECF No. 18, PageID 1056). This is **not** the claim pleaded in the Petition where Stevens asserted only a manifest weight claim: "Ground Three: The verdict of the trial court was against the manifest weight of the evidence."[2] (Petition, ECF No. 3, PageID 38).

When Stevens filed his Reply, he apparently recognized the distinction between a sufficiency of the evidence claim and a manifest weight claim, but then indiscriminately cited cases from lines of precedent dealing with both (Reply, ECF No. 16, PageID 1014-20).

The Report took Ground Three as it had been pleaded in the Petition: a manifest weight claim not reviewable in habeas (Report, ECF No. 17, PageID 1032, citing *Johnson*). Stevens presents no Supreme Court or Sixth Circuit precedent overruling *Johnson* and none is known to the Magistrate Judge. But Stevens concludes his argument on Ground Three by stating: "In Stevens case the petitioners [sic] reaches the constitution violation threshold when he presents his claim under the insufficiency of the evidence claim which is a constitutional claim." (ECF No. 18, PageID 1059). However, the first time Stevens presented this as a sufficiency of the evidence claim was in his Reply.

A new claim in habeas cannot be presented for the first time in a reply or traverse. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). Instead, it must be added to the case by motion to amend which must meet the standards of Fed.R.Civ.P. 15. Stevens has never moved to amend to add this new claim.

---

[2] In his Supporting Facts, Stevens used language peculiar to manifest weight claims: "The evidence in this exceptional case was not weighted against the Defendant. The jury lost its way." *Id*.

More importantly, the insufficiency of the evidence claim is procedurally defaulted because it was not raised on direct appeal. Assignment of Error Three reads: "The verdict of the trial court was against the manifest weight of the evidence." The direct appeal was briefed by an experienced criminal defense attorney who would have known the distinction between a sufficiency and a manifest weight claim. When he filed *pro se* his Application for Reopening under Ohio R. App. P. 26(B), he included the insufficiency claim as an assignment of error omitted because of ineffective assistance of appellate counsel, thus acknowledging it had not been presented on direct appeal (Application, State Court Record, ECF No. 8, Ex. 20, PageID 202). The Court of Appeals decided Stevens had not presented a colorable claim of ineffective assistance of appellate counsel because limiting the evidence claim to manifest weight was a reasonable professional decision under the circumstances, given the evidence presented (Opinion, State Court Record, ECF No. 8, Ex. 23, PageID 223-24). Thus, the Court of Appeals did not find ineffective assistance of appellate counsel which would have excused failure to present the sufficiency claim on direct appeal. Therefore the sufficiency of the evidence claim remains procedurally defaulted.

Even if the sufficiency of the evidence claim were preserved for merits consideration in this Court, it would not meet the standard for such claims under *Jackson v. Virginia*, 443 U.S. 307 (1979). The Court of Appeals noted direct testimony from the complaining witness of conduct which would constitute the charged offenses (Opinion and Entry, State Court Record, ECF No. 8, Ex. 12, PageID 136). Stevens places great weight on what the DNA evidence did or did not show, but the Sixth Circuit has long held that the testimony of the victim alone is constitutionally sufficient to sustain a conviction. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008), *citing United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966) ("The testimony of the prosecuting witness, if believed by the jury, is sufficient to support a verdict of guilty."); see also *O'Hara v. Brigano*, 499

8

F.3d 492, 500 (6th Cir. 2007) (holding that victim's testimony that habeas petitioner abducted her and raped her was constitutionally sufficient to sustain conviction despite lack of corroborating witness or physical evidence); *United States v. Howard,* 218 F.3d 556, 565 (6th Cir. 2000) (holding that even if the only evidence was testimony of the victim, that is sufficient to support a conviction, even absent physical evidence or other corroboration); *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996).

In sum, Stevens' manifest weight claim should be dismissed as non-cognizable. The Court should not reach Stevens' insufficiency claim because it is procedurally defaulted and not properly pleaded. If the Court does reach the merits of the sufficiency claim, it should be dismissed as without merit.

**Ground Four: Failure of the Trial Court to Suppress Evidence and of the State to Disclose Exculpatory Evidence**

In his Fourth Ground for Relief, Stevens claims that the State violated his due process rights when the trial court failed to suppress evidence. Recognizing that there is a Fourth Amendment right to the suppression of unconstitutionally seized evidence, the Report noted that Stevens had not advised the Court what evidence he was referring to (Report, ECF No. 17, PageID 1032-33). No further analysis was provided on the failure to disclose claim because it is repeated in Ground Five. *Id.*

In his Objections, Stevens does not advert to any evidence which should have been suppressed. Instead, he argues Grounds Four and Five together as a claim under *Brady v. Maryland*, 373 U.S. 83 (1963). In essence, Stevens has abandoned any claim that he was convicted on unconstitutionally seized evidence.

9

**Ground Five: Failure to Disclose Exculpatory Evidence**

In his Fifth Ground for Relief, Stevens argues the State violated his due process rights by failure to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

The Report noted that Stevens had not pleaded a *Brady* claim on direct appeal. Indeed, his first mention of *Brady* is in his first App. R. 26(B) application as an omitted assignment of error. The Court of Appeals rejected this claim on the merits because it found Stevens had not shown any relation between the *Brady* claim and appellate counsel (Journal Entry, State Court Record, ECF No. 8, Ex. 23, PageID 225). The Report concluded this claim was meritless based on the appellate decision, but also procedurally defaulted because Stevens did not appeal the 26(B) decision to the Ohio Supreme Court (Report, ECF No. 17, PageID 1034).

Stevens objects, but only to the point of claiming without citation that the claim was raised in the court of appeals. If he is claiming he presented it on direct appeal, that claim is belied by his appellate brief which does not plead a *Brady* assignment of error and does not cite *Brady* as relevant precedent (Appellate Brief, State Court Record, ECF No. 8, Ex. 9). If instead he is claiming that he presented it as an omitted assignment of error in his Application for Reopening, that is correct, but that does not cure the procedural default of not presenting it on direct appeal. An application for reopening, if successful, gives an appellant an opportunity to present assignments of error which were omitted through the deficient performance of original appellate counsel. But Steven's Application was not successful and he further defaulted by not appealing to the Supreme Court of Ohio.

If the Court were to overlook the procedural defaults and reach the merits Stevens should still not prevail because he has not identified what *Brady* material was not produced. The most he

10

says is "if, as appears to be the case here, the issue is that potentially useful evidence is lost or destroyed, the accused must meet a different standard: he must show bad faith on the part of the police or prosecution." (Objections, ECF No. 18, PageID 1060). That is indeed the standard when the State is accused of failure to preserve evidence. *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988). But Stevens has not said what evidence was not preserved nor has he even attempted a showing of bad faith.

Stevens' Fifth Ground for Relief should be dismissed with prejudice.

**Ground Six: Reliance on Unreliable Scientific Evidence**

In his Sixth Ground for Relief, Stevens argues he was convicted on the basis of unreliable and outdated scientific evidence, to wit, an acid phosphatase test for the presence of semen. Stevens' reliance is entirely on *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and its progeny.

The Report recommended finding, as Respondent had argued, that this claim was procedurally defaulted because it was never raised in the state courts (Report, ECF No. 17, PageID 1034). Stevens argues Ground Six for four pages, but never mentions the procedural default issue (Objections, ECF No. 18, PageID 1060-63). Since he never raised this claim ins the Ohio courts, it is defaulted.

Stevens argues the merits of this claim in his Objections, again focusing heavily on *Daubert*. It is worth noting, therefore, that *Daubert* is not a constitutional decision. The Supreme Courr did not hold in *Daubert* and has not held since that it is unconstitutional to admit scientific evidence that does not satisfy the *Daubert* standard. Thus, even if the Court were persuaded that

11

the DNA evidence submitted here did not satisfy *Daubert*, that would not be a basis for granting the writ. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

**Conclusion**

Having reviewed the case in light of Petitioner's Objections, the Magistrate Judge remains persuaded that it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also again recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 23, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

12

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.