# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROBIN STEVENS, JR.,

        Petitioner,   :        Case No. 2:25-cv-24

  - vs -                              District Judge James L. Graham
                                         Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
  Noble Correctional Institution,

                                :
        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 23) to the Magistrate Judge's Supplemental Report and Recommendations (the "Supplemental Report," ECF No. 20). District Judge Graham has recommitted the case for further analysis in light of the Objections (ECF No. 24).

**Ground One:  Prosecutorial Misconduct**

In his First Ground for Relief, Stevens claims he was denied due process when the trial judge, as a remedy for the prosecutor's misstatement, instructed the jury to disregard the statement instead of declaring a mistrial.  On direct appeal, the Ohio Ninth District Court of Appeals followed the presumption that juries follow instructions given to them.  *State v. Stevens,* 2023-Ohio-2153,

¶27-28 (Ohio App. 9th Dist. Jun. 28, 2023).  Both the Report and the Supplemental Report found this was not an objectively unreasonable application of clearly established Supreme Court precedent and thus was entitled to deference.  In his instant Objections Stevens opposes following the presumption, asking how we know if the jury followed the curative instruction since they convicted him (Objections, ECF No. 23, PageID 1136-37).  No one polled the jury, so we have no evidence of whether they followed the instruction.  But without evidence, Petitioner's position would reverse the presumption and require a mistrial any time a prosecutor makes a misstatement.  Petitioner cites no Supreme Court precedent requiring state trial courts to declare a mistrial every time a prosecutor misspeaks.  Absent any such precedent, this Court must defer to the Ohio courts under 28 U.S.C. § 2254(d)(1).

**Ground Two:  Denial of Continuance**

In his Second Ground for Relief, Petitioner asserts he was denied a fair trial when the trial judge refused a request for continuance on the morning trial was to begin.  The Report and Supplemental Report both recommend deferring to the Ninth District's decision denying this claim.

In his instant Objections, Stevens relies on the constitutional right of a defendant to present witnesses in his behalf (ECF No. 23, PageID 1138, citing *Chambers v. Mississippi,* 410 U.S. 284 (1973).  But as Stevens admits in the Objections, the sought continuance was not to present a witness, but "wanted time to investigate the claim of the biological father of the alleged victim."  Regarding the requested continuance, the Ninth District concluded:

> {¶33} The record establishes that, on the day of trial, defense counsel moved for a continuance of trial to review "newly

> developed information." The "newly developed information" counsel wanted to review was that "the victim of the crime in [a] North Carolina [case] is the same victim here." Defense counsel wanted time to investigate this and explore "whether the mother had induced the child to make up these allegations against Mr. Stevens * * *." Defense counsel speculated that there could be exculpatory information in the CARE center interview of the out-of-state case relating to the instant case.

*State v. Stevens, supra.* Thus the trial judge was faced with a morning-of-trial request to continue the trial to allow investigation of his speculation about what witnesses in a North Carolina case might say. There was no representation that a known witness had particular testimony to give about the conduct on trial and that that witness could be produced with a brief continuance . Rather defense counsel speculated what he might find in CARE interview in a case that arose three years after the incident in suit.

      Petitioner was indicted October 8, 2019 (Indictment, State Court Record, ECF No. 8, Ex. 1). Trial did not commence until March 29, 2022, allowing defense counsel two and one-half years to investigate and assemble the case. As the transcript shows, at the time of the motion to continue, a venire had been assembled and was waiting for voir dire (ECF No. 8-1, PageID 306). This case was tried in the Summit County Court of Common Pleas, one of the busiest urban courts in Ohio. Anyone familiar with trials in busy urban courts will appreciate how disruptive granting a continuance on the morning of trial would be in such a court. Given that defense counsel was only speculating about what his investigation would reveal and the number of persons' lives which would have been disrupted by granting a continuance on the morning of trial, the trial judge's denial was not an abuse of discretion.

      In federal court, the decision to grant or deny a motion for continuance lies within the sound discretion of the trial court and cannot be reversed absent a showing that the decision was arbitrary, unreasonable, or unconscionable. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Factors which

3

should be considered are the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel, and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the party seeking the continuance contributed to the circumstances which gave rise to the request; and other relevant factors, depending on the unique facts of each case. *State v. Unger,* 67 Ohio St. 2d 65, 67 (1981), *citing United States v. Burton*, 584 F.2d 485 (D.C. Cir. 1978), and *Giacalone v. Lucas*, 445 F.2d 1238 (6th Cir. 1971). Given the deference to the state courts commanded by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), we must be at least as tolerant of state court decisions on continuance as we are within our federal system.

In his instant Objections, Stevens again claims it was ineffective assistance of trial counsel to fail to file an affidavit of Mr. Gulley, the accused in the North Carolina case. Stevens ignores the conclusion, made in the Supplemental Report to which he is objecting, that this claim is procedurally defaulted.

> This ineffective assistance of trial counsel claim is entirely new at this stage of the case. It is nowhere mentioned in the Petition (ECF No. 3). It was not raised on direct appeal (See Appellant's Brief, State Court Record, ECF No. 8, Ex. 9, PageID 88). Stevens never filed a petition for post-conviction relief and his Application for Reopening under Ohio R. App. P. 26(B) did not plead ineffective assistance of trial counsel as an underlying omitted assignment of error. Id. at Ex. 20. Any attempt to raise this claim now by petition for post-conviction relief would be untimely because it is now later than one year after the record on appeal was filed. Ohio does not allow a second application for reopening. Therefore the claim of ineffective assistance of trial counsel as raised in the Objections is procedurally defaulted by failure to present it to the Ohio courts.

(Supplemental Report, ECF No. 20, PageID 1122-23). Instead of attempting to excuse any of these procedural defaults, Stevens now asserts his conviction is a "manifest injustice." (Objections,

4

ECF No. 23, PageID 1142). But the "manifest injustice" exception to procedural default is limited to cases in which a habeas petitioner establishes his actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"); see *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). To establish actual innocence, a habeas petitioner must present new evidence – evidence not presented to the jury – which persuades the court that if he or she heard such evidence, no reasonable juror would vote to convict. *Schlup v. Delo*, 513 U.S. 298 (1995). Stevens has presented no new evidence at all. Stevens' ineffective assistance of trial counsel claim is procedurally defaulted without excusing cause and prejudice.

Ground Two is without merit and should be dismissed.

**Ground Three: Verdict Against the Manifest Weight of the Evidence**

In the initial Report, the Magistrate Judge noted that a claim that a verdict is against the manifest weight of the evidence is not cognizable in habeas corpus (Report, ECF No. 17, PageID 1032, citing *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986)). Petitioner responded by attempting to add an insufficiency of the evidence claim. The Supplemental Report rejected this approach because no such claim had been presented to the Ohio courts (ECF No. 20, PageID 1127). In his instant Objections, Stevens again claims his actual innocence excuses his procedural defaults. However, he has not presented any new evidence, much less evidence of the type and quality required by *Schlup*.

Ground Three should be dismissed on the merits.

5

**Grounds Four and Five: Failure to Suppress Unconstitutionally Seized Evidence and Failure to Disclose Favorable Evidence**

**Ground Four**

The Supplemental Report found Stevens had abandoned Ground Four, his suppression claim, by not arguing it and not identifying any evidence which should have been suppressed. (Report, ECF No. 20, PageID 1128). In his instant Objections, he states that he is combining Grounds Four and Five, but then makes only an argument on Ground Five, failure to disclose under *Brady v. Maryland*, 373 U.S. 83 (1963). Ground Four should therefore be dismissed as abandoned.

**Ground Five**

The original Report noted that no *Brady* claim had been raised on direct appeal and concluded the claim was procedurally defaulted, both because Stevens did not raise it on direct appeal and also did not appeal from denial of this claim when he made it as part of his Ohio R. App. P. 26(B) proceeding (Report, ECF No. 17, PageID 1034). The Supplemental Report found that even if Stevens could overcome the procedural defaults, he still had not identified any *Brady* material (ECF No. 20, PageID 1130).

In his instant Objections he claims the Summit County prosecutor knew about the indictment of Andrew Gulley in North Carolina for sexual abuse of R.S. and did not disclose it. His argument is as follows:

> The State of Ohio had access to the new case information about Mr. Andrew Gulley as a witness and or potential witness. The State of Ohio willfully failed to produce and conceded to this information open court. The State of Ohio knew that Mr. Gulley had been accused of the same exact charges as Mr. Stevens with the same exact story line by the same alleged victim and wanted to come forward, but yet the prosecutor did not turn over this exculpatory evidence to the defense. In this matter the witness was a material witness.

6

> Stevens's family heard that the prosecutor had Andrew's statements and they were identical to Stevens's charges and storyline and when the trial counsel was made aware by his client Mr. Stevens, he raised it up directly before trail began and asked for a continuance to investigate the claim and matter. The State of Ohio was well aware of this information in a significant amount of time enough to disclose to the defense before the trial began, they did not.
>
> When the prosecution was confronted with the withheld evidence in open court they made an attempt to sweep it under the rug by saying it "occurred in another state, North Carolina and two and half years later". But here is the silver lining is, the fact that the charges against Mr. Stevens were the same set of facts and circumstances alleged against Mr. Gulley and that was recorded in an interview of the alleged victim where she gave identical statements and inferentially gave a statement that her mother put her up to both. The State of Ohio was aware of these allegations against Mr. Gulley prior to the defense's knowledge and yet still did not disclose when the state knew they would potentially use this interview as evidence. This was the primary reason that trail counsel requested a continuance before trial began. Trial Counsel wanted time to secure Mr. Gulley has a Material Witness.

(Objections, ECF No. 23, PageID 1145-46).  These assertion contrast markedly with what the record shows.  For example, defense counsel never identified Andrew Gulley or any other individual associated with the North Carolina case as a witness, much less made a representation that Gulley would come voluntarily to Ohio to testify and subject himself to cross-examination when he was under indictment.  If Gulley was willing to give an affidavit, why was not such an affidavit obtained and presented with a post-conviction petition under Ohio Revised Code § 2953.21?  When did Stevens' family learn of these charges in North Carolina and why did they wait until the day before trial to tell defense counsel? Stevens does not claim the Summit County prosecutor had R.S.'s CARE interview nor does he disclose what it actually says.  The fact that Gulley had been indicted would have been a matter of public record, as discoverable by the defense as by the prosecution and in fact Stevens states his family learned of it before disclosing it to defense counsel.

7

Even if the Gulley indictment is *Brady* material, Gulley has offered no excuse for waiting until habeas to raise that claim. Ground Five should be dismissed.

**Ground Six:  Conviction on Unreliable Scientific Evidence**

In his Sixth Ground for Relief, Petitioner claims he was convicted on the basis of an outstated scientific test – the acid phosphatase test. The original Report recommended this claim be dismissed as procedurally defaulted because it had never been raised in the Ohio courts.  In his Objections to that Report, Stevens did not discuss procedural default at all and the Supplemental Report reiterated the original recommendation (ECF No. 20, PageID 1130).

Stevens relied heavily on *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as authority for this ground for relief.  In the Supplemental Report the Magistrate Judge noted that *Daubert* was not a constitutional decision and thus not a basis for habeas corpus relief. Petitioner objects by again claiming actual innocence, but actual innocence does not convert a non-constitutional claim into a claim arising under the Constitution.

In his conclusion, Stevens asserts he has shown cumulative error.  He claims without citation that the Fifth Circuit has recognized cumulative error as stating a claim.  The Sixth Circuit does not.  *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied,* 132 S.Ct. 2751 (2011), *citing Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied sub nom. Moore v. Simpson,* 549 U.S. 1027 (2006).

**Conclusion**

Having reconsidered the case in light of Petitioner's instant Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 1, 2025.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.