**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

**ROBIN STEVENS, JR.,**

**Petitioner,** : **Case No. 2:25-cv-00024**

**- vs -** **District Judge James L. Graham**
**Magistrate Judge Michael R. Merz**

**JAY FORSHEY, WARDEN,**
**Noble Correctional Institution,**

:

**Respondent.**

## DECISION AND ORDER

This habeas corpus action under 28 U.S.C. § 2254, brought *pro se* by Petitioner Robin Stevens, Jr., is before the Court on Petitioner's Objections (ECF No. 26) to the Magistrate Judge's Second Supplemental Report and Recommendations ("Report," ECF No. 25). Respondent has filed no reply to these Objections and the case is therefore ripe for decision.

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report *de novo* with particular attention to those portions objected to by Petitioner.

### Ground One: Prosecutorial Misconduct

In his First Ground for Relief, Petitioner asserts he was denied a fair trial because, instead of granting a mistrial for a misstatement by the prosecutor, the trial

court only gave a corrective jury instruction. The Magistrate Judge recommended dismissal on the merits, noting the Ohio Ninth District Court of Appeals had relied on the presumption that juries follow instructions given to them. Petitioner had objected that no one polled the jury to find out if they had followed the instructions and the Magistrate Judge noted this would reverse the presumption (Report, ECF No. 25, PageID 1154). The Report continues to recommend deference to the Ninth District on the question of the proper remedy for misconduct.

Petitioner again objects, asserting that only a mistrial could cure the misconduct (Objections, ECF No. 26, PageID 1163-66). He relies on *United States v. Chambers*, 944 F.2d 1253 (6th Cir. 1991); *United States v. Carroll,* 26, F.3d 1380 (6th Cir., 1994); *United States v. Leon*, 534 F.2d 667 (6th Cir. 1976); and *United States v. Bess*, 593 F.2d 749 (6th Cir. 1979). All four of these cases are direct appeals within the federal system. None of them involve the deference federal habeas courts are required to show to state court decisions. In other words, in each of them the appellate court had to decide whether there was prosecutorial misconduct and whether it had been properly dealt with. In habeas cases the federal court must, in contrast, decide whether the Ohio appellate court's dealing with the misconduct violated clearly established precedent of the United States Supreme Court.

In *Chambers* the circuit court declined to find that prosecutorial misconduct occurred, so there was no issue as to the proper remedy. In *Carroll* a new trial was ordered, but the trial judge had failed to instruct the jury as to the prosecutor's misstatements which the court found were not flagrant. In *Leon* and *Bess* the circuit

court found prosecutorial misconduct required a new trial but did not cite any Supreme Court precedent requiring reversal rather than a curative instruction in every case.

The Court concludes the Report is not contrary to law on this issue.

**Ground Two: Denial of a Continuance before Trial**

In his Second Ground for Relief, Petitioner claims the trial court committed error rising to the level of a constitutional violation of his right to a fair trial by denying a request for continuance made on the morning trial began. The Report concluded that the state appellate decision denying this claim was a not unreasonable application of Supreme Court precedent and therefore entitled to deference.

Petitioner's current Objections treat this claim as if it were a claim of ineffective assistance of trial counsel and argue that claim at length. But that is not Ground Two as it is pleaded in this case; in the Petition Ground Two reads: "Denying Defendant's Motion to Continue trial was error." (Petition, ECF No. 3, PageID 37). In the Second Supplemental Report, the Magistrate Judge wrote that Petitioner had never dealt with the State's procedural default defense to this claim, to wit, that it had never been presented to the state courts. That pattern continues in the current Objections.

The Court finds the Report is not in error in finding that any ineffective assistance of trial counsel claim is procedurally defaulted and that the state court decision upholding the trial court's decision not to grant the morning-of-trial continuance motion is not an unreasonable application of Supreme Court precedent. Ground Two will be dismissed.

**Ground Three: Verdict Against the Manifest Weight of the Evidence**

As pleaded, Ground Three claimed the verdict was against the manifest weight of the evidence. The original Report found this did not state a claim upon which habeas relief could be granted, citing *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Petitioner attempted to correct this by trying to add an insufficiency of the evidence claim, but the Magistrate Judge found any such claim procedurally defaulted by failure to present it to the state courts. Petitioner seeks to excuse that failure by asserting it was caused by ineffective assistance of counsel, but he acknowledges by citing *Edwards v. Carpenter*, 529 U.S. 446 (2000), that the ineffective assistance claim must itself be presented to the state courts and this claim was not. He also claims his procedural default is excused by his actual innocence, but he has presented no new evidence of the type required by the Supreme Court to prove actual innocence. See *Schlup v. Delo*, 513 U.S. 298, 319 (1995).

He also asserts his actual innocence is proved "because his conviction was based on unreliable scientific evidence of DNA that was presented that was not super inclusive of the petitioner's." (Objections, ECF No. 26, PageID 1183). The fact that the inference to be drawn from DNA evidence is not completely conclusive does not prove that an identified person is innocent.

**Ground Four: Failure to Suppress Unconstitutionally Seized Evidence**

Petitioner has conceded this Ground for Relief. (Objections, ECF No. 26, PageID 1184).

**Ground Five: Failure to Disclose *Brady* Material**

In his Fifth Ground for Relief, Petitioner claims a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He identifies "his *Brady* claim is that the state of Ohio failed to disclose the information of Andrew Gully the biological father of the alleged victim being a material and exculpatory witness, and that he would have exonerated the petitioner." (Objections, ECF No. 26, PageID 1185).

In the Second Supplemental Report and Recommendations now before the Court, the Magistrate Judge wrote:

> The original Report noted that no *Brady* claim had been raised on direct appeal and concluded the claim was procedurally defaulted, both because Stevens did not raise it on direct appeal and also did not appeal from denial of this claim when he made it as part of his Ohio R. App. P. 26(B) proceeding (Report, ECF No. 17, PageID 1034). The Supplemental Report found that even if Stevens could overcome the procedural defaults, he still had not identified any *Brady* material (ECF No. 20, PageID 1130).

Report, ECF No. 25, PageID 1158. In his instant Objections Petitioner has still not excused his procedural defaults nor has he shown Andrew Gulley would have been willing to appear or what the content of his testimony would have been.

**Cumulative Error**

Petitioner concludes his present Objections with the statement that "[t]he Sixth Circuit has held that "the cumulative effect of errors that are harmless by themselves can be so prejudicial as to warrant a new trial"' (Objections, ECF No. 26, PageID 1185). However, he gives no citation and particularly has not shown the Sixth Circuit has overruled its holding in *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied,* 132 S.Ct. 2751 (2011), *citing Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied sub nom. Moore v. Simpson,* 549 U.S. 1027 (2006), that cumulative

error does not state a claim for relief in habeas.

## CONCLUSION

Having considered the case *de novo* with particular attention to Petitioner's Objections, the Court finds no clear error in the Magistrate Judge's Reports which are adopted. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: August 24, 2026

/s/James L. Graham
James L. Graham
United States District Judge